Douglas COTTINGHAM, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 06A01–1008–CR–431.

Court of Appeals of Indiana.

July 19, 2011.

Rehearing Denied Sept. 30, 2011.

---

Deborah K. Smith, Thorntown, IN, Attorney for Appellant.

## OPINION

MAY, Judge.

Douglas Cottingham appeals the trial court's order that he serve the remainder of his sentence incarcerated after he admitted to a probation violation. We affirm.

## FACTS AND PROCEDURAL HISTORY

In June 2009, Cottingham pled guilty to Class D felony operating a vehicle while intoxicated endangering a person.[1] On July 8, the court sentenced him to three years, which was to be served as one and one-half years on home detention with GPS monitoring and one and one-half years on probation.

On March 10, 2010, the Boone County probation department filed a petition to modify and/or revoke Cottingham's probation after the State charged Cottingham with theft for placing a bottle of liquor in his pocket and leaving a store without paying for it. During a hearing on July 12, Cottingham admitted possessing the alcohol; however, he argued he did not have the intent to steal the alcohol when he took it from the store.

The trial court revoked Cottingham's probation and ordered him to serve the remainder of his sentence, one and one-half years, in the Department of Correction. The court gave him credit for 416 days, which was based on 208 days of credit for the 208 days he actually spent on home detention and 208 days of credit for the 104 days he spent incarcerated prior to his probation revocation hearing.

## DISCUSSION AND DECISION

■ The State did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing an argument for the appellee, *Benefield v. State*, 945 N.E.2d 791, 796 (Ind.Ct.App.2011), and the appellant may prevail by establishing *prima facie* error. *Id.* *Prima facie* error is error "at first sight, on first appearance, or on the face of it." *Id.* (quoting *State v. Augustine*, 851 N.E.2d 1022, 1025 (Ind.Ct.App.2006)).

### 1. *Abuse of Discretion*

■ "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). After finding a probation violation, the trial court may continue the probation, extend it, or order execution of all or part of a suspended sentence. Ind.Code § 35-38-2-3(g). Trial judges have considerable leeway in determining how to proceed after ordering probation. *Prewitt*, 878 N.E.2d at 188. If we review those decisions too strictly, trial courts "might be less inclined to order probation to future defendants." *Id.* As a result, we review probation revocation decisions under an abuse of discretion standard. *Id.* A decision is an abuse of discretion when it "is clearly against the logic and effect of the facts and circumstances." *Id.*

■ Cottingham contends: "In light of nature of the violation and the previous cooperation with community corrections . . . the Court's sanction to require him to serve the balance of his sentence was an abuse of discretion." (Br. of Appellant at 10.) We disagree.

Cottingham admitted possessing alcohol in violation of the terms of his probation. The State charged him with conversion for taking a bottle of liquor out of Costco without paying for it. At the probation revocation hearing, the trial court noted the underlying plea agreement had required the State to dismiss an Habitual Substance Offender charge, which was based on three prior convictions of operating a vehicle while intoxicated. The trial court stated:

> I find it difficult to believe after four (4) O.W.I. convictions, that you would not stop to think, first of all you shouldn't

---

1. Ind.Code § 9-30-5-2 and § 9-30-6-3.

even be getting alcohol for yourself or anybody else. You shouldn't have it in your possession. That's a violation of probation to have alcohol in your possession.... I told you at that sentencing hearing, and in fact the words I wrote to myself was (sic) that I warned you sternly, come back to this Court, expect to serve your sentence.

(Tr. at 47.) As the trial court has discretion to revoke an offender's probation for a single offense, and Cottingham violated at least two terms of his probation, one of which he admitted, the trial court did not abuse its discretion in ordering Cottingham to serve the remainder of his sentence. *See Goonen v. State*, 705 N.E.2d 209, 212 (Ind.Ct.App.1999) ("[S]o long as the proper procedures have been followed in conducting a probation revocation hearing ... the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence.")

### 2. *Credit Time*

■■■ We first note Cottingham waived this argument by failing to object to the trial court's calculation of credit time at his probation revocation hearing. *See Angleton v. State*, 714 N.E.2d 156, 158–59 (Ind.1999) (failure to object regarding summary denial of motion for change of judge waives any claim of error on appeal), *reh'g denied.* Despite Cottingham's waiver, we address this issue because it is an issue of first impression regarding recent amendments to Ind.Code § 35–38–2.6–6.

■■■ In determining how long Cottingham would be imprisoned following his probation revocation, the trial court credited him with "208 days on home detention (without good time credit) plus 104 actual

days in jail (208 days with good time credit)." (App. at 15.) Cottingham asserts he is entitled to "good time credit" for his time on home detention. "Good time credit" is additional credit received by an offender for "good behavior and educational attainment." *Purcell v. State*, 721 N.E.2d 220, 222 (Ind.1999), *reh'g denied.*

Prior to 2010, the controlling law was: "A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35–50–6 *unless* the person is placed in the person's home." Ind.Code § 35–38–2.6–6 (1994) (emphasis added). In *Purcell,* our Indiana Supreme Court explained:

Ind.Code § 35–38–2.6–6 deprives the offender serving time on home detention of the ability to "earn credit time under *Ind.Code § 35–50–6* " (emphasis supplied). Ind.Code § 35–50–6 sets forth the procedures for earning good time credit; it does not address credit for time served. Thus we conclude that Ind.Code § 35–38–2.6–6 does not restrict the ability of an offender in home detention to earn credit for time served.

721 N.E.2d at 223. Thus, prisoners on home detention could earn one day of credit for each day of home detention, but could not earn "good time credit," that is, extra credit for each day served in home detention.

In 2010, Ind.Code § 35–38–2.6–6 was amended to remove the exclusion of credit time for those in home detention: "A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35–50–6 [which sets forth the schedule by which good credit time is accrued, and under what circumstances credit time is accrued]." [2] As Indiana Code Chapter 35–

---

**2.** Home detention is a "community corrections program" under Indiana Code Chapter

35–38–2.6. Ind.Code § 35–38–2.6–2.

50–6 "sets forth the procedures for earning good time credit; it does not address credit for time served," *Purcell,* 721 N.E.2d at 223, a person on home detention after the amendment is entitled to good time credit, which can range from one day of credit for each day served, to one day of credit for each six days served, depending on the class of offender. Ind.Code § 35–50–6–3.

■ Cottingham was sentenced in 2009, and began serving his home detention at that time, which was before the effective date of the 2010 amendment to Ind.Code § 35–38–2.6–6. The trial court revoked his probation after the 2010 amendment became effective. Under the doctrine of amelioration, an offender who is sentenced after the effective date of a statute that provides for a more lenient sentence is entitled to be sentenced pursuant to the new statute, instead of the statute in effect at the time of the commission or conviction of the crime. *Renfroe v. State,* 743 N.E.2d 299, 300–01 (Ind.Ct.App.2001). In *Renfroe,* we applied this doctrine to post-sentence education credit:

> Although the doctrine of amelioration does not strictly apply in Renfroe's case, which involves a post-sentence education credit as opposed to a substantive sentencing provision, the principle remains the same: Renfroe should not be subject to an *ex post facto* amendment to the statute that would effectively deprive him of credit time.

*Id.* at 301. Based on our holding in *Renfroe,* we apply the doctrine of amelioration to the issue of good time credit for Cottingham while he was on home detention.

We remand for the trial court to determine Cottingham's credit class for good time credit purposes during home detention, to calculate the good time credit to which Cottingham is entitled pursuant to Ind.Code § 35–50–6–3, and for adjustment of his sentence accordingly.

## CONCLUSION

The trial court did not abuse its discretion when it ordered Cottingham to serve the remainder of his sentence because Cottingham violated his probation. However, we remand because Cottingham is entitled, pursuant to Ind.Code § 35–50–6–3, to good time credit for his time on home detention.

Affirmed in part, remanded in part.

FRIEDLANDER, J., and MATHIAS, J., concur.