**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 14 2012, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAMARA SUE FORRESTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1108-CR-453 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle III, Judge
Cause No. 48C01-0512-FD-487

**March 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Tamara Sue Forrester appeals following the trial court's revocation of her probation, contending that the trial court erred in calculating the credit time to which she was entitled. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On February 2, 2007, Forrester pled guilty to operating a vehicle as a habitual traffic violator, a Class D felony. The trial court sentenced Forrester to three years of incarceration, with six months to be served on home detention and two and one-half years suspended to probation. Forrester successfully completed home detention. On June 2, 2010, the trial court found that Forrester had violated the terms of her probation and extended her probationary term by one year to February 11, 2012.

On November 22, 2010, the trial court again found that Forrester had violated the terms of her probation and ordered that two years of her sentence be executed. The trial court ordered the sanction to be stayed pending Forrester's successful completion of Mental Health Court. On January 12, 2011, Forrester was rejected for Mental Health Court. On February 23, 2011, the trial court ordered 294 days of Forrester's sentence to be served. The trial court gave Forrester credit for 147 days served between September 29, 2010, and February 23, 2011, plus Class I credit time for that period.

On August 1, 2011, the trial court again found that Forrester had violated the terms of her probation and ordered that 725 days of her previously-suspended sentence be executed. The trial court credited Forrester for 182 days of incarceration plus Class I credit for that amount of time.

2

**DISCUSSION AND DECISION**

**Whether the Trial Court Correctly Calculated Forrester's Credit Time**

"Generally, because pre-sentence jail time credit is a matter of statutory right, trial courts 'do not have discretion in awarding or denying such credit.'" *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007) (quoting *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001)). "However, 'those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion.'" *Id.* (quoting *Molden*, 750 N.E.2d at 449).

Forrester's sole contention on appeal is that the trial court erroneously failed to give her Class I credit time, in addition to credit for time served, for the time she served on home detention. Forrester relies on this court's decision in *Cottingham v. State*, 952 N.E.2d 245 (Ind. Ct. App. 2011), *trans. granted*. In *Cottingham*, we concluded that a statutory amendment effective July 1, 2010, allowing persons serving home detention to earn Class I credit time, was retroactive in application. *Id*. at 249. On December 19, 2011, however, the Indiana Supreme Court granted the State's petition for transfer in that case, vacating our opinion.

For its part, the State draws our attention to our decision in *Brown v. State*, 947 N.E.2d 486 (Ind. Ct. App. 2011), *trans. denied*, in which we concluded that the amendments effective July 1, 2010, did *not* have retroactive effect. *Id*. at 489-90. *Brown* is still good law (indeed, Forrester does not argue that it was wrongly decided), and we, finding its analysis to be compelling, see no reason to stray from its holding. We conclude that the trial court did not err in failing to give Forrester Class I credit for time

3

she served on home detention.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.