ATTORNEY FOR APPELLANT
Deborah K. Smith
Thorntown, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana



## In the
## Indiana Supreme Court

No. 06S01-1112-CR-703

DOUGLAS COTTINGHAM,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Boone Superior Court, No. 06D02-0806-FD-634
The Honorable Rebecca S. McClure, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 06A01-1008-CR-431

**July 26, 2012**

**Sullivan, Justice.**

Douglas Cottingham was placed on home detention under the supervision of a community-corrections program before a 2010 amendment to Indiana Code section 35-38-2.6-6 took effect. He argues that he is entitled to "good time credit" for his time served on home detention pursuant to that statutory amendment. We conclude that the statutory amendment does not apply to him.

## Background

In June, 2009, Douglas Cottingham pled guilty to operating a vehicle while intoxicated endangering a person under Indiana Code section 9-30-5-3. In July, 2009, the trial court sentenced him to three years – one-and-one-half years on home detention with GPS monitoring through Boone County Community Corrections and one-and-one-half years on probation.

On March 10, 2010, Cottingham was arrested in Marion County on a charge of criminal conversion for an incident that involved him possessing alcohol. Consequently, after a hearing held on July 12, 2010, the trial court found that Cottingham had violated the terms of his home-detention placement and the terms of his probation and ordered him to serve the remainder of his sentence in the Indiana Department of Correction ("DOC"). The court credited Cottingham 416 days toward his sentence – 208 days for the days he had served on home detention (with no good time credit) and 208 days for the 104 days that he had spent incarcerated prior to the hearing (with 104 days' good time credit).

Cottingham appealed, claiming (1) that the trial court abused its discretion in ordering him to serve the remainder of his sentence; and (2) that the trial court erred in not giving him good time credit for the time he spent on home detention pursuant to amended Indiana Code section 35-38-2.6-6 (which took effect on July 1, 2010). The Court of Appeals rejected Cottingham's first argument, Cottingham v. State, 952 N.E.2d 245, 247-48 (Ind. Ct. App. 2011), reh'g denied, but accepted his second, holding that Cottingham was entitled to good time credit under the doctrine of amelioration, id. at 248-49. The panel therefore remanded to the trial court to determine Cottingham's credit class for good time credit purposes during home detention; to calculate the good time credit to which Cottingham was entitled; and to adjust his sentence accordingly. Id. at 249.

The State sought, and we granted, transfer, Cottingham v. State, 962 N.E.2d 655 (Ind. 2011) (table), thereby vacating the opinion of the Court of Appeals, Ind. Appellate Rule 58(A). In granting transfer, however, we consider only the issue of whether amended Indiana Code sec-

tion 35-38-2.6-6 applies to persons who have been placed on home detention prior to its effective date. We summarily affirm the Court of Appeals as to issues not addressed in this opinion. App. R. 58(A)(2).

## Discussion

As an initial matter, we note that there is a conflict in the Court of Appeals concerning this issue, cf. Brown v. State, 947 N.E.2d 486 (Ind. Ct. App. 2011) (holding that amended statute does not apply retroactively), trans. denied,[1] and because of this conflict, we too refrain from disposing of this issue on the basis of waiver, see Cottingham, 952 N.E.2d at 248 (addressing this issue despite waiver).

This appeal and others have stemmed from the Legislature's 2010 amendment to the Indiana Code section concerning good-time-credit[2] eligibility for persons placed on home detention in community-corrections programs.

Prior to July 1, 2010, Indiana Code section 35-38-2.6-6 provided:

(a) As used in this subsection, "home" means the actual living area of the temporary or permanent residence of a person. The term does not include a:
    (1) hospital;
    (2) health care facility;
    (3) hospice;
    (4) group home;
    (5) maternity home;
    (6) residential treatment facility;
    (7) boarding house; or

---

[1] The facts in Brown are similar to the present case: In 2009, Brown pled guilty to a motor vehicle offense and was ordered to serve a three-year sentence in the Marion County Community Corrections Home Detention Electronic Monitoring program. On July 22, 2010, the trial court found Brown in violation of the terms of his placement and ordered Brown to serve the remainder of his sentence in the DOC. The court credited Brown 412 days that he had served on home detention, but no good time credit. 947 N.E.2d at 488-89. Brown appealed, arguing that the amendment to Indiana Code section 35-38-2.6-6 applied to him retroactively. The Court of Appeals rejected this argument. Id. at 492.

[2] The Court of Appeals in Brown pointed out that the Indiana Code uses the language "credit time" and not "good time credit" to refer to the statutory reward an offender receives for good behavior, etc. 947 N.E.2d at 488 n.2. We take note of this point, but for consistency, follow the language of the Court of Appeals in this case and continue to use "good time credit."

> (8) public correctional facility.
> A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6 <u>unless the person is placed in the person's home</u>.
> (b) A person who is placed in a community corrections program under this chapter may be deprived of earned credit time as provided under rules adopted by the department of correction under IC 4-22-2.

Ind. Code § 35-38-2.6-6 (2008) (emphasis added). However, during the 2010 legislative session, the Legislature amended this section, effective July 1, 2010, to provide:

> (a) As used in this subsection, "home" means the actual living area of the temporary or permanent residence of a person. A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6.
> (b) A person who is placed in a community corrections program under this chapter may be deprived of earned credit time as provided under rules adopted by the department of correction under IC 4-22-2.

Pub. L. No. 105-2010, § 14, 2010 Ind. Acts 1217, 1232-33 (codified at Ind. Code § 35-38-2.6-6 (Supp. 2011)).

Thus, before the amendment to Indiana Code section 35-38-2.6-6, the General Assembly expressly provided that persons placed on home detention in community-corrections programs were not entitled to earn good time credit.[3] But now, after the amendment, there is no statutory language preventing persons placed on home detention from earning such credit. And so we have the issue before the two panels of the Court of Appeals and now before us: whether amended Indiana Code section 35-38-2.6-6 applies to persons who have been placed on home detention prior to its effective date so that they may be entitled to good time credit. In addressing this issue, we consider first the approaches taken by the panels of the Court of Appeals.

On the one hand, the Court of Appeals in the present case resolved this issue under an expansive view of the doctrine of amelioration. <u>Cottingham</u>, 952 N.E.2d at 249. The doctrine of amelioration is an exception to the general rule that the sentence in effect at the time a crime is committed is the proper penalty. <u>Richards v. State</u>, 681 N.E.2d 208, 213 (Ind. 1997). The doc-

---

[3] We concluded in <u>Purcell v. State</u>, 721 N.E.2d 220, 223 (Ind. 1999), that "credit time under IC 35-50-6" as used in Indiana Code section 35-38-2.6-6(a) means "good time credit."

trine entitles defendants who are sentenced after the effective date of a statute providing for a more lenient sentence to be sentenced pursuant to that statute, as opposed to the statute in effect at the time the crime was committed. Id. The Court of Appeals concluded that application of the doctrine of amelioration entitled Cottingham to relief here.

But, because Cottingham was sentenced well before the effective date of amended Indiana Code section 35-38-2.6-6, he is not entitled under a strict application of the doctrine of amelioration to benefit from this amendment. See Holsclaw v. State, 270 Ind. 256, 261, 384 N.E.2d 1026, 1030 (1979) (defendant sentenced almost one year before amended statute became effective not entitled to relief under doctrine of amelioration). Cottingham himself has not presented any argument regarding amelioration. And we are not persuaded to adopt a more expansive view of it, like the one apparently applied in the Renfroe case on which the Court of Appeals relied. Cottingham, 952 N.E.2d at 249 (citing Renfroe v. State, 743 N.E.2d 299, 300-01 (Ind. Ct. App. 2001)). Unlike Renfroe, Cottingham has not been subjected to an ex post facto amendment that would deprive him of good time credit. Id.

On the other hand, the Court of Appeals in Brown took a different approach to this issue.[4] The Brown court recognized the general rule that statutes are to be applied prospectively, absent clear legislative intent that they are to be applied retroactively as well. 947 N.E.2d at 489-90. And it recognized the exception to this general rule for remedial statutes, which may be applied retroactively when strong and compelling reasons exist to do so. Id. at 490. The Brown court concluded that the amendment was not remedial in nature because the Legislature's intent was clear in the prior statute that persons placed on home detention were not entitled to receive good time credit, and therefore, the amendment did not correct a defect or mischief in the prior statute. Id. at 491. Nevertheless, the Brown court also went on to conclude that even if the amendment were remedial, there were no strong and compelling reasons to apply it retroactively. Id. at 491-92.

---

[4] The Brown court rejected in dicta the proposition that Brown would be entitled to good time credit under the doctrine of amelioration. 947 N.E.2d at 489 n.4.

But ultimately we think that this issue is resolved by the language of the statute. "[O]ur primary goal of statutory construction is to determine, give effect to, and implement the intent of the Legislature." City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007) (citation omitted). Here, we believe that the Legislature's intent is made clear by its language: "A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6." Ind. Code § 35-38-2.6-6 (Supp. 2011) (emphasis added); cf. Purcell v. State, 721 N.E.2d 220, 223 (Ind. 1999) (relying on language of prior statute to conclude that although good time credit is not available for those placed on home detention, credit for time served is). By using "is placed" (or by not amending that language as it existed in the prior statute), we think that the Legislature intended for this amendment to apply only to those persons who "are placed" on home detention on or after the amendment's effective date. If the Legislature intended for the amendment to apply to persons who had already been placed on home detention, it would have used language to include such persons – language like "a person who has been placed" or even "a person who is in community corrections."

Based on the language of this statute, we hold that the amendment to Indiana Code section 35-38-2.6-6 applies to those who are placed on home detention on or after its effective date. Cottingham was placed on home detention before the statute's effective date and so he is not eligible for good time credit.

Suppose, however, an offender committed an offense before the statute's effective date and was placed on home detention but not until after the statute's effective date. This offender is eligible for good time credit under the rule announced in this case. Accord Arthur v. State, 950 N.E.2d 343, 346 (Ind. Ct. App. 2011) (concluding that offender placed on home detention on July 30, 2010, after trial court modified commitment from work release to home detention was entitled to earn good time credit), trans. denied. In this respect, the "is placed" rule announced in this case operates as an exception to the general rule that the credit time statutes applicable in respect of an offense are those in force on the date the offense was committed. Purcell, 721 N.E.2d at 222 n.2.

6

**Conclusion**

The judgment of the trial court is affirmed.

Dickson, C.J., and Rucker, David, and Massa, JJ., concur.