**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 21 2012, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RUTH ANN JOHNSON**
**LILABERDIA BATTIES**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ANTHONY K. MCCULLOUGH,        )
                             )
    Appellant-Defendant,        )
                             )
        vs.                      )    No. 49A02-1110-CR-955
                             )
STATE OF INDIANA,            )
                             )
    Appellee-Plaintiff.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Judge Pro Tempore
Cause No. 49G03-0905-FC-051550

**December 21, 2012**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

In <u>McCullough v. State</u>, 970 N.E.2d 795 (Ind. Ct. App., July 12, 2012), we considered Anthony McCullough's appeal from the revocation of his probation, in which he raised two issues: whether the evidence was sufficient to revoke his probation and whether the trial court properly calculated his credit for time served. We held that statements made by the trial court at McCullough's revocation and sanctions hearings were inconsistent with ultimately revoking his probation. Accordingly, we reversed the revocation without considering the substance of McCullough's appeal. The State has filed a petition for rehearing, alleging that there is no inconsistency in the trial court's findings and the trial court did not err in revoking McCullough's probation.

We grant rehearing and upon further review of the record, agree with the State that although the trial court's statements are confusing, they are not inconsistent, and there was no error in revoking McCullough's probation on that basis. Accordingly, we consider the two issues raised by McCullough in his brief. Concluding that sufficient evidence supports revocation of McCullough's probation and the trial court did not err in calculating his credit for time served, we affirm the trial court.

## Facts and Procedural History

The facts are set forth in more detail in our original opinion, but we briefly restate the basic facts: in 2010, McCullough pleaded guilty to fraud on a financial institution and was sentenced to eight years, with six years suspended and the remainder to be served on home detention with electronic monitoring. He had both a probation agreement with the county probation department and an electronic monitoring agreement with Electronic Monitoring Services ("EMS"). Both agreements provided that he would

2

obey all laws. In August 2011, while still serving his time on home detention, McCullough was arrested when, during service of a search warrant at his home, marijuana was discovered. That same day, a notice of violation of EMS rules was filed, alleging McCullough had been arrested, that he had failed to provide work hours verification, and that he owed a balance on his home detention fees. Several days later, a notice of probation violation was also filed, alleging McCullough had been arrested and charged with possession of marijuana and had failed to comply with EMS rules.

Because what was said at the revocation and sanction hearings and the context in which it was said is important to our resolution, we recount the proceedings in some detail. At the revocation hearing, the State called Willie Barnett, director of operation at EMS, who testified regarding the EMS contract McCullough signed, and also called two Indianapolis Metropolitan Police Department officers who testified regarding the search of McCullough's home. At the conclusion of the State's evidence, the prosecutor made the following motion:

> [T]he State, for purposes of the probation violation, as well, the State would move to admit or move to incorporate the evidence from the EMS violation into the probation violation if we're technically going forward on both, instead of redoing everything.

Transcript at 75. McCullough then called his wife as a witness and testified on his own behalf. At the conclusion of the hearing, the State noted that it "feels that it has met the burden for both violations. Would ask that you find him in violation of not only the electronic monitoring, but the probation." Id. at 124. The trial court observed the EMS notice alleged three violations, but no evidence had been presented from EMS regarding the failure to verify work hours or the balance owed on fees; thus, the possession of

3

marijuana was the "big issue being contested here today." Id. at 134. As for that

remaining allegation, the trial court characterized the EMS notice as alleging that

McCullough was

> arrested on or about August 1st of 2011 under Cause Number – and it's got
> an extra digit here, I think – 11-0108939. And just as an aside, I would ask,
> State, if you could suggest to EMS they want to be more specific in what
> they allege. . . . Is that – I don't even know if that's a valid cause number or
> what . . . .

Id. at 132-33. Nonetheless, the trial court stated the evidence presented at the hearing

"do[es] convince the Court by a preponderance of the evidence that you did possess

marijuana there in the house in violation of EMS rules. . . . I think also that that [sic]

hand-in-hand you're in violation of the conditions of probation." Id. at 134-35. "So, the

Court, having found the violation of both EMS and probation, is going to take the

sanctions under advisement." Id. at 139.

When the parties returned for the sanctions hearing, the trial court began by

stating:

> State, I've been reviewing this. And this was the Court's struggle
> that I had during the hearing is that the pleading for the notice of violation
> of Electronic Monitoring Services's rules did not allege the marijuana – or
> the new arrest for marijuana. So I – the Court's constrained by what was
> pled.
> A notice of violation is – well, it's very similar to a charging
> information. And if it's not charged, I don't know how the Court can find a
> notice of violation for EMS. So the Court is going to find that there is no
> violation for the find – the Electronic Monitoring Services rules, as it
> wasn't pled that there was a – the possession of marijuana.
> And, you know, I look at the notice filed. It doesn't say anything
> about that. So that's the Court's ruling on the notice of violation of EMS.
> On the other hand, the probation violation was proven.
> * * *
> . . . So the Court is not entering a violation for the EMS notice, but is
> finding that Mr. McCullough is in violation of his conditions of probation.

4

<u>Id.</u> at 151-54. The trial court revoked McCullough's probation and sentenced him to a four-year executed term at the Department of Correction.

McCullough appealed the revocation of his probation, raising the following issues: 1) whether the evidence was sufficient to revoke his probation when the underlying case for which he was arrested was dismissed and the trial court refused to find him in violation of EMS rules, and 2) whether the trial court properly calculated his credit for time served. Before addressing either of those issues, we interpreted the trial court's statements at the revocation and sanction hearings as follows:

> . . . Following the presentation of evidence, the trial court concluded that insufficient evidence was presented to revoke McCullough's probation on any of these allegations except for that regarding his arrest for possession of marijuana.
>
> The trial court initially concluded that evidence regarding McCullough's alleged possession of marijuana was sufficient to revoke his probation, but later concluded that there is no violation for the possession of marijuana. Yet, the trial court did revoke McCullough's probation for violation of his conditions of probation. This latter statement, concluding McCullough violated his conditions of probation, contradicts the trial court's statement at the close of the evidentiary hearing that no evidence was presented as to any other allegation.

<u>McCullough</u>, 970 N.E.2d 795, slip op. at 6-7 (internal citations and quotation omitted). Accordingly, we held the trial court erred in revoking McCullough's probation because it had concluded insufficient evidence was presented as to each allegation. <u>Id.</u> The State contends on rehearing that we misinterpreted the trial court's statements. McCullough has not filed a responsive brief on rehearing.

## Discussion and Decision

### I. Trial Court's Statements Regarding Violation

On reviewing the record again, we now agree with the State that the trial court's ruling was not contradictory. McCullough was serving an executed sentence on home detention with electronic monitoring to be followed by a period of probation. After he was arrested on August 1, 2011, EMS filed a notice of violation of the electronic monitoring rules, and the State later filed a notice of violation of the conditions of his probation. The revocation hearing was therefore addressing the two separate notices: 1) the EMS notice alleging violations of the terms of McCullough's electronic monitoring services contract, and 2) the probation notice alleging violations of the conditions of McCullough's probation. The EMS notice alleged only that McCullough was arrested, giving a cause number the trial court was unable to relate to any existing criminal case but no other information, including the offense for which he was arrested. The probation notice alleged that McCullough was arrested and charged with possession of marijuana, giving a Marion Superior Court cause number and a pre-trial conference date. At the revocation hearing, the trial court initially found a violation of both. The trial court took the matter of revocation and sanctions, however, under advisement, and when the parties returned for a sanctions hearing, the trial court reversed its ruling as to the EMS notice only.

We initially read the trial court's statements to mean that it was reversing its ruling of a violation as to either notice because of the insufficiency of evidence regarding possession of marijuana; if that had been the case, there would have been no basis for revocation of probation because, as the trial court noted, no evidence was presented

6

regarding the two other allegations of the EMS notice, and the only other allegation of the probation notice concerned violation of the EMS rules. However, upon further consideration, it is apparent the trial court's statements were meant to convey that it was reversing its ruling on the EMS violation because of the insufficiency of the EMS pleading. The trial court's finding that the State <u>did not</u> prove the alleged violation of electronic monitoring because the allegation of an arrest in the EMS notice was not specific enough does not contradict the trial court's finding that the State <u>did</u> prove the alleged violation of probation, which was pled with greater specificity.[1] Importantly, we note that on appeal, McCullough challenges the sufficiency of the evidence supporting the finding of a violation of probation, but does not allege that the trial court erred by revoking his probation when it did not actually find a violation. In other words, McCullough acknowledged that the trial court's statements about a violation not being proven were directed only to the EMS notice. <u>See</u> Brief of Appellant at 10 ("[T]he trial court . . . found that there was no violation for the [EMS] rules, as it was not pled that there was a possession of marijuana."). Accordingly, we will review McCullough's issues on their merits.

## II. Proof of Violation

The trial court found McCullough had violated the terms of his probation by possessing marijuana in his home. McCullough contends the evidence was insufficient to support this finding because the underlying criminal case was dismissed.[2]

---

[1] In fact, the State, at the conclusion of the sanctions hearing, asked the trial court, "just for future, just for [EMS], would it have been appropriate if it just had the correct cause number instead of the case number on it[?]" Tr. at 163. The trial court indicated "that would've been better." <u>Id.</u>

[2] McCullough also alleges the trial court failed to provide a written statement of the evidence relied on and reasons for revoking his probation in violation of his due process rights. <u>See</u> <u>Sanders v. State</u>, 825 N.E.2d 952, 955

7

"The court may revoke a person's probation if: (1) the person has violated a condition of probation during the probationary period . . . ." Ind. Code § 35-38-2-3(a). The State must prove a violation of probation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f). As with other sufficiency matters, we do not reweigh the evidence or judge the credibility of witnesses, and we look only to the evidence which supports the judgment and any reasonable inferences therefrom. Richardson v. State, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008) (quotation omitted). If substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the revocation of probation. Dokes v. State, 971 N.E.2d 178, 179 (Ind. Ct. App. 2012).

The standard of proof for a finding of guilty is beyond a reasonable doubt and the standard of proof for a probation violation is preponderance of the evidence, and we have often stated that because of the lesser standard, a finding of guilt is not a necessary precursor for a finding of a probation violation based on a new criminal offense. See Dokes, 971 N.E.2d at 180-81 ("Because of the difference between the burden of proof required to convict someone of a crime and the burden of proof required to revoke probation, the court could revoke probation after finding [defendant] not guilty based on the same evidence."). Thus, the mere fact that the criminal charges against McCullough for possession of marijuana were dismissed does not mean his probation could not be revoked for the same. See McCullough, 970 N.E.2d 795, slip op. at 6.

---

(Ind. Ct. App. 2005) (listing a probationer's due process rights when facing revocation), trans. denied. The written statement requirement is a procedural device intended to promote accurate fact finding and review of revocation decisions. Puckett v. State, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). "A transcript of the evidentiary hearing, although not the preferred way of fulfilling the writing requirement, is sufficient if it contains a clear statement of the trial court's reasons for revoking probation." Id. The trial court's reasoning is clear from the record and there is no due process violation here.

McCullough also points out the trial court refused to find him in violation of the EMS rules as alleged in the EMS notice. As discussed in detail above, the trial court did not find McCullough was not in violation of the EMS rules because of a lack of evidence that he possessed marijuana but because of insufficient pleading in the EMS notice that possession of marijuana was the violation alleged. The notice of probation violation alleged possession of marijuana as a violation independent of any violation of EMS rules, and therefore, the trial court's decision on the EMS notice is irrelevant to the decision on the probation notice.

Based upon the testimony of the officers serving a search warrant at McCullough's house and their observation and documentation of marijuana in several places throughout the house, the trial court found the State had proved by a preponderance of the evidence that McCullough had possessed marijuana in violation of the conditions of his probation. McCullough had a possessory interest in the premises where the marijuana was found, and although his wife and child also resided in the home with him, marijuana was found in plain sight in a bathroom, and near items belonging to him in several other locations in the home. See Gee v. State, 810 N.E.2d 338, 340 (Ind. 2004) (to prove constructive possession of contraband, State must show capability to maintain dominion and control over items in question plus, when possession of premises is not exclusive, additional circumstances such as contraband being in plain view of defendant or the mingling of contraband with other items owned by defendant from which intent to maintain dominion

and control can be inferred).  Substantial evidence exists in the record supporting the trial court's finding of a violation and its subsequent revocation of McCullough's probation.[3]

### III.  Credit for Time Served

McCullough also appeals the trial court's calculation of his credit for time served when sentencing him.  McCullough's original sentence was eight years, with 730 days to be executed on home detention and six years suspended to probation.  Upon finding McCullough had violated his probation:

> the Court is going to show your probation is revoked and is sentencing you to a four-year term at the Department of Correction.
> \* \* \*
> In the Court's opinion, your credit time that you have up to now would be going towards your executed portion of your sentence that – that you were serving at the time of the – the violation was filed.

Tr. at 158-59.  The Abstract of Judgment prepared by the trial court for the probation revocation proceeding shows a six year sentence, with 2190 days executed and the "No. of days confined prior to sentencing" as 317 days.  See Appellant's Appendix at 27.  The 317 days were explained by probation as follows:

> the credit time would show that he has 35 days in jail, which was 1 day at sentencing – or 1 day prior to sentencing, 1 day at sentencing when he was taken in and moved to Community Corrections.  The 33 days he's been in now – it's 35 days.  And the 563 that he spent on home detention, if you move that to Credit Class I, it's 282 days – actual days.  So a total of 317 actual days of Class I credit.

Tr. at 167.

We address first McCullough's contention that, in addition to credit for days actually served on home detention, he should also get credit time for those days.[4]  At the

---

[3]  We also note McCullough had not yet begun serving his term of probation as he was still serving his executed sentence on home detention at the time of the violation.  Probation may be revoked prospectively, however.  Hardy v. State, 975 N.E.2d 833, 837 (Ind. Ct. App. 2012).

time of his original sentencing in January 2010, credit time could not be earned from time served on home detention. Ind. Code § 35-38-2.6-6(a) (1994) ("A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6 unless the person is placed in the person's home."). Prior to the sentencing for McCullough's probation violation, however, this statute was amended to allow those on home detention to earn credit time. Ind. Code § 35-38-2.6-6(a) (eff. July 1, 2010) ("A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6."). McCullough argues that under the doctrine of amelioration, the revised statute should apply retroactively to him.

In Cottingham v. State, 971 N.E.2d 82 (Ind. 2012), our supreme court expressly rejected an identical claim. The doctrine of amelioration entitles a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission of the crime. Id. at 85. Because McCullough, like the defendant in Cottingham, was sentenced well before the effective date of the new statute, he is not entitled under a strict application of the doctrine of amelioration to benefit from the statutory amendment. See id. Moreover, our supreme court was persuaded that the legislature intended the amendment to apply to those who are placed on home detention on or after its effective date because the amendment states a person who "is placed in community corrections" is entitled to credit time. Id. at 86 (quoting Ind. Code § 35-38-

---

4 In Brown v. State, 947 N.E.2d 486, 488 n.2 (Ind. Ct. App. 2011), we noted that the Indiana Code uses the language "credit time" as opposed to "good time credit" to refer to the statutory reward an offender receives for certain behavior or achievements. Though "good time credit" is common language in our courts, we use the statutory term "credit time" to refer to this additional time, and "credit for time served" to refer to the actual days served.

2.6-6) (emphasis in original). Thus, McCullough is not eligible for credit time for the time he served on home detention.

McCullough also challenges the trial court's calculation that he was entitled to 317 days credit for time served, arguing that "[i]n essence what the trial court was doing was reducing the actual time of 563 days down to 282 days . . . ." Br. of Appellant at 14. The trial court sentenced McCullough to four years executed for the probation violation, but the abstract shows a sentence of six years executed. This is apparently intended to represent the two-year executed sentence he was serving at the time of his violation plus the four-year executed sentence for the probation revocation.[5] All parties seemed to agree that McCullough had ninety-seven days remaining to serve on his original two-year executed sentence. Added to his four-year sentence for the probation revocation, McCullough should serve 1,557 days (779 days with credit time). The "No. of days confined prior to sentencing" as shown on the abstract represents actual days served; credit time will then be calculated based on that figure. Thus, when 317 actual days plus 317 credit time days are applied to McCullough's sentence, he will have 1,556 days left to serve (778 days with credit time).[6] The trial court did not err in calculating McCullough's credit for time served.

## Conclusion

The trial court did not err in revoking McCullough's probation because sufficient evidence was presented to support a finding that he had violated a condition of probation

---

[5] The trial court clarified at the sanctions hearing that "the abstract will read a six-year executed sentence. But Mr. McCullough is going to get credit for the two years that he's served. But the four years will be executed as the violation of probation." Tr. at 166.

[6] The same result would have been reached by simply stating that McCullough was entitled to credit time of 633 days (563 actual days on home detention plus thirty-five actual days in jail plus thirty-five credit time days), but the calculation as the trial court has done it works within the parameters of the abstract.

by possessing marijuana.  Moreover, the trial court did not err in calculating the credit for time served to which McCullough was entitled.  The judgment of the trial court is therefore affirmed.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.