**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RYAN D. BOWER**
Salem, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANNY CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 59A01-1205-CR-203 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ORANGE SUPERIOR COURT
The Honorable K. Lynn Lopp, Judge
Cause No. 59D01-0912-FD-925

**February 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

<u>STATEMENT OF THE CASE</u>

Danny Clark ("Clark") appeals his sentence for Class B misdemeanor public intoxication[1] and Class B misdemeanor disorderly conduct.[2]

We affirm and remand.

<u>ISSUES</u>

1. Whether the trial court abused its discretion in sentencing Clark to 335 days on probation.

2. Whether Clark's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

<u>FACTS</u>

On December 27, 2009, Jesse Crane ("Officer Crane"), a reserve officer with the French Lick Police Department, responded to a call about an illegally parked vehicle at the Edgewood Terrace Apartments. Before Officer Crane reached the vehicle, a woman flagged Crane down and sought his assistance in a domestic dispute involving Clark. The woman and Clark had been arguing, and she demanded that Clark, not being a resident of the apartment, leave. Officer Crane was unable to calm the woman and Clark down, and he called other officers to assist.

Officers Jason Kendall ("Officer Kendall") and Marshall Noble ("Officer Noble") responded to the scene. In their interaction with Clark, all officers noted the odor of an alcoholic beverage coming from Clark's breath. In addition, Officers Kendall and Noble noticed that Clark slurred his speech, staggered when he walked, and displayed an abusive attitude toward the officers. Clark was told several times to calm down or he

---

[1] Ind. Code § 7.1-5-1-3.

[2] Ind. Code § 35-45-1-3.

would be arrested for disorderly conduct. Clark eventually left the apartment when his father arrived to pick him up.

Later the same evening, the officers encountered Clark at a convenience store. Clark saw the officers and specifically raised his middle fingers to Officer Noble and shouted "fuck you, Marshall." (Tr. 63). Officer Noble decided to arrest Clark for public intoxication. After a brief struggle, Clark was taken into custody.

On December 28, 2009, the State charged Clark with resisting law enforcement, a Class D felony, public intoxication, and disorderly conduct, Class B misdemeanors. A jury trial was held on February 1, 2012. After the State presented its evidence, Clark moved for a directed verdict on the resisting law enforcement charge. The trial court granted Clark's motion. The jury convicted Clark of public intoxication and disorderly conduct.

A sentencing hearing was held on April 9, 2012. On both convictions, Clark was sentenced to 180 days in the Orange County Jail, with 150 days suspended, and 335 days probation. [3]

## DECISION

### 1. *Abuse of Discretion*

Clark argues that the trial court's imposition of a 335 day probationary period for his two Class B misdemeanors was an abuse of discretion. Specifically, he asserts that placing him on probation for 335 days amounts to his convictions being served

---

[3] A trial transcript was not requested in this appeal. Clark's trial was consolidated with George R. Clark, appellate cause number 59A05-12-05CR-253. On January 22, 2013, this Court determined that the trial record would be helpful in reviewing Clark's claims and transferred the record of the proceedings under 59A05-12-05CR-253 to be included as part of Clark's appeal.

consecutively, without express statutory authority. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007).

Here, we find the trial court's sentencing order was clear. Clark was sentenced to 180 days in the Orange County Jail, 150 days suspended, and 335 days probation on his convictions. The sentence was ordered to be served concurrently. Ind. Code § 35-50-3-1(b) gives the trial court the ability to impose a probationary period of not more than one year on misdemeanor convictions, so long as any term of imprisonment and probation do not exceed this time period. *See also Jennings v. State*, 2013 WL 622918 (Ind. 2013) (holding that "term of imprisonment" for the purposes of misdemeanor sentencing statute does not include suspended time). The trial court's sentence complies with the law; no abuse of discretion occurred.

2. *Inappropriate Sentence under Indiana Appellate Rule 7(B)*

Clark also argues that his sentence is inappropriate in light of the nature of the offense and his character. Clark makes no suggestion as to how this court should revise his sentence other than by asking us to "revise his jail sentence significantly downward." Clark's Br. At 5.

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Clark must persuade this Court that his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Under Rule 7(B), we seek "to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the

4

sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad of other factors that come to light in a given case." *Id*. at 1224.

Clark did himself no favors on the evening of his arrest. Despite displaying signs of intoxication and an abusive attitude toward the officers involved, Clark was initially allowed to leave the scene and avoid arrest. Instead of taking advantage of this opportunity, Clark later "[flipped] off" one of the officers at a nearby gas station and was eventually arrested. The record also reveals that prior to sentencing, Clark called one of the officers a "fucking liar." (Sentencing Tr. at 11). Simply stated, a sixty-one year old man should know better than to conduct himself in this manner. Clark's character during the incident and prior to sentencing does not persuade us to revise his sentence. Because Clark has failed to persuade us that his character warrants revising his sentence, we will not address the nature of the offense.

While Clark's sentence is neither an abuse of discretion nor inappropriate, we do find an irregularity that causes us concern. The trial court ordered Clark to serve thirty (30) "actual" days. Pursuant to Ind. Code § 35-50-6-4(a), "A person who is not a credit restricted felon and who is imprisoned for a crime . . . is initially assigned Class I." "A person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime . . . ." Ind. Code § 35-50-6-3. If Clark serves "at least 1-24 hour period each and every week . . ." as instructed by the trial court, he is entitled to an

5

additional day of credit per statute. If the trial court's intent was for Clark to serve thirty (30) "actual" days, Clark should have been sentenced to sixty (60) days executed. [4]

"When we find an irregularity in the trial court's sentencing decision, we may remand to the trial court for a clarification or a new sentencing determination, or affirm the sentence if the error is harmless, or impose a proper sentence." *Rios v. State*, 930 N.E.2d 664, 669 (Ind. Ct. App. 2008). We choose to remand and direct the trial court to apply any credit time earned to the suspended portion of Clark's sentence.

Affirmed and remanded.

ROBB, C.J., concurs.

MAY, J., concurs in result.

---

[4] During the sentencing of Clark's co-defendant, George Clark, the trial court also stated George Clark would not receive credit for time spent confined on home detention. We inform the trial court that pursuant to Ind. Code 35-38-2.6-6(a), George Clark is indeed entitled to Class I credit time. *Cottingham v. State*, 971 N.E.2d 82, 84 (Ind. 2012).