Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 25 2013, 6:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

VIRGIL PYLES,                          )
                                       )
    Appellant-Defendant,               )
                                       )
      vs.                            )     No. 34A02-1301-CR-94
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.                )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-0510-FD-356

**July 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Virgil Pyles appeals the trial court's calculation of the remaining balance of his suspended sentence upon revocation of his probation. Pyles presents one issue for review, which we restate as follows: Did the trial court properly calculate his credit for time served prior to the revocation of his probation?

We reverse and remand.

This case would give any lawyer a headache, and at least minor errors in the calculation of credit time are virtually inevitable here. The trial court determined that at the time of revocation, Pyles still had 827 days remaining on his suspended sentence. On appeal, Pyles argues that the number should be 496, and the State, though not offering a number, acknowledges that the trial court's number is untenable. Our calculation falls between these numbers and somewhat closer to that asserted by Pyles.

We begin with the history of this case starting with Pyles's conviction and sentence. Pyles pleaded guilty to possession of a controlled substance, a class D felony, and admitted to being a habitual offender. On January 25, 2007, Pyles was sentenced to 3 years for possession enhanced by 3 years for being a habitual offender. The trial court ordered 18 months executed (to be served on in-home detention) and the balance, 4 ½ years, suspended to probation. Pyles was given credit for 80 days of actual pre-trial confinement, or 160 credit days. Thus, the total sentence he had left to serve was 2030 days as of January 25, 2007.

Pyles did not begin serving in-home detention in this case until September 24, 2007.[1]

---

[1] It appears that the execution of his sentence was delayed because he was serving time in another county. Regardless of the reason, the record is clear that Pyles did not begin in-home detention in this case until September 24, 2007.

At intake, Pyles failed his baseline drug screen. He also failed random drug screens on December 11, 2007 and January 14, 2008. These positive screens resulted in two non-compliance petitions being filed against him. The trial court issued a warrant for Pyles's arrest on February 19, 2008. Pyles was arrested on the outstanding warrant on March 7, 2008. In an apparently related matter, Pyles was also charged and held under cause number 34D01-0803-FD-155 (FD-155) for unlawful possession of a syringe, a class D felony, for which a jury trial was scheduled. Pyles remained incarcerated until September 4, 2008, when he was released on his own recognizance and ordered to report to in-home detention.

Shortly thereafter, the parties entered into a plea agreement regarding the instant cause and FD-155. At a hearing on October 15, 2008, however, the trial court rejected the agreement and, for reasons not apparent on the record before us, found probable cause of a new violation and ordered Pyles into custody.

The parties entered into another plea agreement with respect to both causes on February 5, 2009. That same day, the trial court released Pyles on his own recognizance and ordered him to report to the probation department. The court set the matter for a potential sentencing hearing on March 11, 2009. At that hearing, the parties moved to amend the proposed plea agreement. The court accepted the amended agreement and, with respect to the instant cause, ordered Pyles to serve an additional 60 days on in-home detention (to begin that day) followed by 1210 days of supervised probation. Regarding FD-155, the court

sentenced Pyles to 3 years with all but 180 days suspended, which amounted to time served.[2] The sentence for FD-155 was ordered to be served consecutive to the sentence in this case.

On November 23, 2010, the State filed a petition to revoke Pyles's suspended sentence for failure to report. He was arrested on the outstanding warrant on May 25, 2012 and remained incarcerated during the pendency of the revocation proceedings. On September 1, 2011, the court accepted Pyles's plea and sentenced him to 1 year of the previously suspended sentence (with credit for 156 actual days/312 credit days). The court also extended the probationary period by another year.

On January 26, 2012, the State filed another petition to revoke for failure to report, and Pyles was arrested on May 25, 2012. Pyles admitted the alleged violation at the evidentiary hearing on November 29, 2012, and the court sentenced him to the balance of his previously suspended sentence. As set forth above, the trial court indicated that Pyles's remaining sentence, as of November 29, 2012, was 827 days.[3]

Pyles filed a motion to correct error on December 27, 2012, detailing his proposed calculation of the time he had left to serve. The trial court summarily denied the motion. Pyles now appeals.

Presentence jail time credit is a matter of statutory right and, therefore, a trial court does not have discretion in awarding or denying such credit. *Senn v. State*, 766 N.E.2d 1190

---

[2] The CCS from FD-155 reveals that the trial court expressly found that Pyles had jail time credit of 90 actual days or 180 credit days.

[3] To be precise, the court indicated that the balance of the previously suspended sentence was 1203 days. The court then gave credit for 188 actual days or 376 credit days for time served while awaiting disposition of the instant revocation proceedings. The court did not explain its calculation.

(Ind. Ct. App. 2002). In this regard, a person imprisoned for a crime or imprisoned awaiting trial or sentencing generally earns one day of credit time (also referred to as good time credit) for each day of imprisonment. *See* Ind. Code Ann. § 35-50-6-3 (West, Westlaw current through June 29, 2013, excluding P.L. 205-2013). With respect to time served on in-home detention prior to July 2010, however, a defendant is only entitled to actual time served, not credit time.[4]

After a painstaking review of the record, it is apparent that the trial court's calculation of the time left on Pyles's sentence is not correct. Our calculation follows. Pyles was initially sentenced to 2190 days for which he was given credit for 160 days, leaving 2030 days remaining on his sentence. He served in-home detention from September 24, 2007 to March 6, 2008, which amounts to 164 actual days against his sentence. At this point, 1866 days remained. Pyles was then incarcerated for 181 days from March 7, 2008 to September 4, 2008. 90 of these days are attributable to his sentence in FD-155. Thus, 182 credit days apply in this case to reduce the balance of his sentence to 1677 days. From September 4 (when he was released to in-home detention) to October 15, 2008, Pyles apparently continued on in-home detention. Subtracting these 41 actual days, we are now at 1636 days remaining. Pyles was once again incarcerated in the instant case on October 15, 2008 until February 5, 2009, for a total of 113 days or 226 credit days, leaving 1410 days.[5] On March 11, 2009, he

---

[4]   The applicable statute, Ind. Code Ann. § 35-38-2.6-6, was amended in 2010 to allow for credit time to be earned while serving a sentence on home detention. Our Supreme Court has held recently that this amendment applies only to those who are placed on home detention on or after its effective date. *Cottingham v. State*, 971 N.E.2d 82 (Ind. 2012). Accordingly, as Pyles concedes, the amendment does not apply here.

[5]   By the time Pyles was released on February 5, 2009, he would have already completed the executed portion of his original sentence. Therefore, he was released to probation.

was returned to in-home detention for an additional 60 days, reducing the balance remaining on his sentence to 1350. Thereafter, as a result of another probation violation, one year of his suspended sentence was revoked on September 1, 2011. After serving this time, 985 days remained of his original sentence. Next came the instant violation and revocation, for which Pyles served 188 actual days in pretrial confinement. Subtracting 376 days credit time, we are left with 609 days remaining on Pyles's sentence as of the revocation of his probation on November 29, 2012. Our calculation of 609 days is substantially less than the trial court's unsupported determination of 827 days remaining to be served.

We recognize, of course, that our calculation could be off by several days in favor of Pyles. The State, though conceding the inadequacy of the trial court's number, has not proposed any calculation and simply asks that we remand for further fact-finding and consideration by the trial court.[6] For judicial economy, we choose to decide the matter based on the record before us.

On remand, Pyles shall be granted credit against his original sentence as set out in detail above. Accordingly, the trial court is directed to amend its sentencing order on petition to revoke to reflect that as of November 29, 2012, Pyles had 609 days left to serve on his original suspended sentence.

Judgment reversed and remanded.

---

[6] On several occasions in its appellate brief, the State asserts that Pyles has failed to establish that his periods of incarceration were not due to other causes of action. Aside from the FD-155 cause, which was fully addressed in this opinion, the State does not point to any portion of the record indicating that the periods of incarceration were for anything but this case. We refuse the State's request to require Pyles to prove a negative without the State coming forward with evidence indicating that the periods of incarceration were not for the instant violations.

ROBB, C.J., and CRONE, J., concur.