## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2015, 6:08 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Deborah K. Smith
Sugar Creek Law
Thorntown, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danney R. Lowery,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 21, 2015<br><br>Court of Appeals Cause No.<br>06A01-1410-CR-459<br><br>Appeal from the Boone Superior Court<br>Cause No. 06D01-0911-FB-387<br><br>The Honorable Matthew C. Kincaid, Judge |

**Barnes, Judge.**

# Case Summary

[1] Danny Lowery appeals the calculation of credit time in connection with the revocation of his placement in community corrections. We affirm.

# Issue

[2] Lowery raises two issues, which we consolidate and restate as whether the trial court properly calculated his credit time.

# Facts

[3] In May 2010, Lowery pled guilty to Class B felony dealing in a controlled substance. In separate cases, he also pled guilty to Class D felony receiving stolen property and Class D felony auto theft. With respect to the Class B felony conviction, on June 29, 2010, the trial court sentenced Lowery to ten years with five years served on home detention in a community corrections program and five years suspended to probation. The trial court ordered the sentence to be served consecutive to his sentences in his other cases. The trial court found that Lowery was entitled to credit of "78 actual days + 78 good time credit days (156 total)." App. p. 33.

[4] Lowery began serving his sentence for the Class B felony conviction on July 2, 2012. On January 2, 2013, a notice of violation of the terms of community correction was filed, Lowery was incarcerated, and he admitted to the violation. On January 18, 2013, the trial court found that Lowery had violated the terms of community corrections and returned him to community corrections to "complete the remainder of his sentence under his prior terms." *Id.* at 29. The

trial court found that Lowery had served 184 days on community corrections toward the sentence and was entitled to an additional credit for "17 actual days plus 17 good time credit days served on this violation." *Id.*

[5] On June 16, 2014, another notice of violation was filed, and Lowery was again incarcerated. At the September 30, 2014 hearing, Lowery again admitted to violating the terms of his placement. The trial court revoked his placement in community corrections and ordered him to serve the remainder of his sentence in the Department of Correction. The trial court found that Lowery was entitled to an additional 513 days of credit for actual days served on home detention and 106 days for time served in the Boone County Jail plus 106 days of good time credit. The trial court determined that Lowery still had 726 days to be served on his sentence. Lowery now appeals.

## Analysis

[6] Lowery argues that the trial court erred when it calculated his credit time. He claims that the trial court erred by not giving him good time credit for the time he spent on home detention pursuant to amended Indiana Code Section 35-38-2.6-6, which took effect on July 1, 2010, two days after he was sentenced. Lowery contends that he was entitled to good time credit for his time served on home detention under the doctrine of amelioration.

[7] "The doctrine of amelioration is an exception to the general rule that the sentence in effect at the time a crime is committed is the proper penalty." *Cottingham v. State*, 971 N.E.2d 82, 85 (Ind. 2012). "The doctrine entitles

defendants who are sentenced after the effective date of a statute providing for a more lenient sentence to be sentenced pursuant to that statute, as opposed to the statute in effect at the time the crime was committed." *Id.*

[8] Prior to July 1, 2010, Indiana Code Section 35-38-2.6-6 provided that persons on home detention were not entitled to good time credit. *See id.* at 84-85. Effective July 1, 2010, the statute was amended and the statutory language preventing persons on home detention from earning good time credit was removed. Lowery was sentenced on June 29, 2010, two days prior to the amendment.

[9] Our supreme court addressed this same issue in *Cottingham* and concluded that, based on the statutory language, the amendment to Indiana Code Section 35-38-2.6-6 should not be applied retroactively. The court held: "[T]he amendment to Indiana Code section 35-38-2.6-6 applies to those who are placed on home detention on or after its effective date. Cottingham was placed on home detention before the statute's effective date and so he is not eligible for good time credit." *Id.* at 86.

[10] Like the defendant in *Cottingham*, Lowery was sentenced to home detention prior to the statute's effective date. Although Lowery argues that *Cottingham* is distinguishable, we disagree. *Cottingham* is clear and binding on us. *See Horn v. Hendrickson*, 824 N.E.2d 690, 694-95 (Ind. Ct. App. 2005) (holding that "Supreme court precedent is binding upon us until it is changed either by that court or by legislative enactment."). The doctrine of amelioration is

inapplicable here, and Lowery is not entitled to good time credit for his time served on home detention.

[11] Alternatively, Lowery argues that he is entitled to good time credit for the home detention served after he was found, on January 18, 2013, to have violated the terms of community corrections. Lowery bases his argument on the following language from *Cottingham*:

> Suppose, however, an offender committed an offense before the statute's effective date and was placed on home detention but not until after the statute's effective date. This offender is eligible for good time credit under the rule announced in this case. *Accord Arthur v. State*, 950 N.E.2d 343, 346 (Ind. Ct. App. 2011) (concluding that offender placed on home detention on July 30, 2010, after trial court modified commitment from work release to home detention was entitled to earn good time credit), *trans. denied*. In this respect, the "is placed" rule announced in this case operates as an exception to the general rule that the credit time statutes applicable in respect of an offense are those in force on the date the offense was committed. *Purcell [v. State]*, 721 N.E.2d [220,] 222 n. 2 [Ind. 1999].

[12] *Cottingham*, 971 N.E.2d at 86.

[13] Lowery argues that he was "placed" on home detention on January 18, 2013, after the effective date of the statutory amendments. However, Lowery was sentenced to home detention on June 29, 2010. On January 2, 2013, a notice of violation was filed, Lowery was incarcerated, and he admitted to the violation. On January 18, 2013, the trial court found that Lowery had violated the terms of community corrections and returned him to community corrections to "complete the remainder of his sentence under his prior terms." App. p. 29. Lowery's return to home detention on January 18, 2013, was not a new

placement or modified commitment. Rather, it was a continuation of his pre-amendment commitment, and the exception mentioned in *Cottingham* is inapplicable. Lowery was not entitled to good time credit for the home detention served after January 18, 2013.

## Conclusion

The trial court properly calculated Lowery's credit time. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.