Lawrence **RENFROE**, Appellant–Petitioner,

v.

**STATE** of Indiana, Appellee–Respondent.

No. 67A01–0005–CR–140.

Court of Appeals of Indiana.

Jan. 25, 2001.

---

Lawrence Renfroe, pro se.

Karen Freeman–Wilson, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BARNES, Judge

We issue this opinion on rehearing to address the State's contention that we applied Indiana Code Section 35–50–6–3.3 incorrectly. Specifically, the State cites to us two other versions of the statute, one version it claims was in effect on the date that Renfroe earned his GED, and the other version being the statute as it currently reads.[1]

Renfroe was convicted on March 13, 1995. At that time, Indiana Code Section 35–50–6–3.3 had yet to be amended. It was silent as to the method of computation to be applied when an incarcerated person earned six months of credit upon the completion of a "general equivalency degree," as it was termed at the time. We do note, however, that as it originally read, the statute provided that such a person was required to complete "at least a portion of the degree requirements after June 30,

1993," and that notwithstanding other statutory provisions regarding sanctions for probation violations, "a person may not be deprived of credit time earned under this section." Ind.Code § 35–50–6–3.3 (1993) (as added by P.L. 243–1993, approved April 30, 1993).

Our research reveals that Public Laws 148–1995 and 149–1995 amended Indiana Code Section 35–50–6–3.3, but not in the manner argued by the State in its rehearing petition. Effective July 1, 1995—after Renfroe was sentenced but one year before he earned his GED, on July 1, 1996—the only amendment relevant to Renfroe's situation was the addition of subsection (c), the language cited in our original opinion: "Credit time earned by a person under this section is subtracted from the period of imprisonment imposed on the person by the sentencing court."

Our research further reveals that two separate Public Laws passed on consecutive days—but both reciting an effective date of July 1, 1999, provided the most recent amendments to the subsection at issue here: Public Law 183–1999, approved May 12, 1999, replaced "period of imprisonment imposed on the person by the sentencing court" with "minimum release date of the sentence imposed by the court," whereas Public Law 243–1999, approved May 13, 1999, amended the same subsection to include the current language that "[c]redit time earned by a person under this section is subtracted from the release date that would otherwise apply to the person after subtracting all other credit time earned by the person." It is these two versions of the statute that the State cites in its rehearing petition.

 Under the doctrine of amelioration, a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the

---

1. Indiana Code Section 35–50–6–3.3 *currently* provides, "Credit time earned by a person under this section is subtracted from the re- lease date that would otherwise apply to the person *after subtracting all other credit time earned by the person.*" (Emphasis added.)

crime. *Lunsford v. State,* 640 N.E.2d 59, 60 (Ind.Ct.App.1994). Although the doctrine of amelioration does not strictly apply in Renfroe's case, which involves a post-sentence education credit as opposed to a substantive sentencing provision, the principle remains the same: Renfroe should not be subject to an ex post facto amendment to the statute that would effectively deprive him of credit time. *See, e.g., Warner v. State,* 265 Ind. 262, 354 N.E.2d 178, 184 (1976) (holding that the Legislature may not withdraw "a benefit which provided a form of punishment considered lesser or more desirable, if it was available at the time of the offense.").

Because the two versions cited by the State were not in effect until 1999, we are left to apply either the 1993 version, which is silent as to the relation of education credit vis-à-vis the minimum release date, or the 1995 version, which includes the language cited in our original opinion. Under either of these versions, the same result follows: the credit Renfroe earned for obtaining his GED should have been applied toward the sentence imposed by the trial court. For other defendants, the result would necessarily differ according to the version of the statute implicated by the facts of the case.

BAILEY, J., and RILEY, J., concur.