**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**LARRY JOHNSON**
Branchville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JANINE STECK HUFFMAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 01 2013, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LARRY JOHNSON,                    )
                                  )
    Appellant-Petitioner,        )
                                  )
        vs.              )    No. 82A01-1111-CR-602
                                  )
STATE OF INDIANA,                 )
                                  )
    Appellee-Respondent.         )

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1008-FD-1022

**February 1, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Larry Johnson appeals the denial of his motion to correct error, which addressed the trial court's denial of his habeas corpus petitions. We affirm.

On August 25 or 26, 2010, Johnson was arrested in Vanderburgh County. He was charged with cocaine possession a few days later. During this time, Johnson was on parole for a conviction out of Dubois County.

On August 26, 2010, Johnson posted bond. The same day, senior parole agent Lisa Bridgewater reported multiple parole violations, apparently including the cocaine possession allegation,[1] to the Indiana Parole Board. On August 27, 2010, the Board issued an arrest warrant, and officers arrested Johnson and transported him to the Vanderburgh County Jail. Because officers saw a partially burnt marijuana cigarette in plain view during the arrest, Johnson was charged with marijuana possession in a separate cause, but that cause was eventually dismissed.

On September 3, 2010, Johnson had a preliminary hearing on the alleged parole violations. Bridgewater and another parole agent conducted the hearing. Tr. p. 51.

In October and November 2010, Johnson filed two pro se petitions for writ of habeas corpus. In the petitions, he asserted that he was entitled to immediate release because the parole revocation charge should have been dismissed due to procedural deficiencies regarding his preliminary hearing, and the dismissal would have restored the running of his parole period, which should have expired in September 2010. His parole period had apparently been tolled under Indiana Code section 11-13-3-8(g) (1987). As

_____

[1] Bridgewater's report to the Board, which was admitted into evidence at the hearing on the motion to correct error, indicates that the parole violation report was attached, but the parole violation report was not included with the report to the Board admitted into evidence. The report to the Board, however, notes a "new criminal allegation" and three technical violations. See Petitioner's Ex. B.

2

for the deficiencies, Johnson claimed that he did not receive written notice of the preliminary hearing, that he did not receive a proper preliminary hearing within ten days of his arrest, and that he did not receive the preliminary hearing minutes, all contrary to statute.[2] The State filed a motion to strike, or in the alternative, to dismiss, and Johnson responded.

On the day of trial on the cocaine possession charge, the court vacated the trial at Johnson's request, and the parties filed a plea agreement. The court, however, was unable to establish a factual basis from Johnson. A week later, Johnson filed another pro se petition for writ of habeas corpus; however, because it was for a Dubois County cause number, the petition was returned to Johnson to file in that county.

Four days before the new trial date, Johnson decided to plead guilty pursuant to the earlier plea agreement and gave the court a factual basis. The court later entered the conviction as a Class D felony and sentenced him to six months. As Johnson had been incarcerated for 245 days, the court applied 90 days plus 90 days good time credit to the sentence, leaving a balance of 155 days to the parole hold.

Johnson filed another pro se petition for writ of habeas corpus in May 2011, which reiterated his previous arguments. By the time of the July 2011 hearing on all of Johnson's habeas petitions, his parole had already been revoked in the Dubois County cause. A week after the hearing, Johnson filed yet another pro se habeas corpus petition requesting the issuance of subpoenas.

---

[2] Johnson has failed to include any of his habeas corpus petitions in the Appellant's Appendix. In its brief, the State relies on the trial court's findings in its order denying the petitions for the content of the petitions. We do so as well, noting that Johnson does not contest the State's reliance in his reply brief and that there is no other record of the substance of his petitions.

In August 2011, the court denied Johnson's habeas petitions. Johnson filed a motion to correct error, which was denied after a hearing. Johnson now appeals.

Johnson raises three issues, which we consolidate and restate as: whether the trial court abused its discretion by denying his motion to correct error.

We review a ruling on a motion to correct error for an abuse of discretion. Paragon Family Rest. v. Bartolini, 799 N.E.2d 1048, 1055 (Ind. 2003). Because Johnson's motion to correct error challenged the denial of his habeas petitions, the denial of those petitions is relevant to our review.

The purpose of a writ of habeas corpus is to determine the lawfulness of a petitioner's detention. Randolph v. Buss, 956 N.E.2d 38, 40 (Ind. Ct. App. 2011), trans. denied. The trial court must provide a writ of habeas corpus if the petitioner is unlawfully incarcerated and entitled to immediate release. Id. We review a trial court's ruling on a habeas corpus petition for an abuse of discretion. Id. We do not reweigh the evidence, and we consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. Id. Any conclusions regarding the meaning or construction of law are reviewed de novo. Id.

Johnson's central claim is that he was entitled to immediate release because his parole period expired on September 27, 2010, and the revocation proceeding should not have tolled his parole period because the revocation charge should have been dismissed due to procedural deficiencies regarding his preliminary hearing.[3]

---

[3] Johnson does not direct us to any evidence showing that his parole period, without the tolling, expired on September 27, 2010. He cites the trial court's findings in its order denying his habeas petitions, but

4

The issuance of a parole violation arrest warrant tolls the parole period until the Board's final determination of the charge. Ind. Code § 11-13-3-8(g). If the parole violation charge is dismissed, however, the tolled period must be restored. Id. "Unless good cause for the delay is established in the record of the proceeding, the parole revocation charge shall be dismissed if the preliminary hearing is not held within ten (10) days after the arrest." Ind. Code § 11-13-3-9(e) (1979).

The Board issued Johnson's arrest warrant on August 27, 2010. Although the record before us does not show precisely when the Board revoked Johnson's parole in the Dubois County cause, it indicates that the revocation occurred sometime after his sentencing for cocaine possession in April 2011 but before the hearing on his habeas petitions in July 2011. His parole period was tolled until the revocation.

Johnson argues, however, that procedural deficiencies regarding his September 3, 2010 preliminary hearing denied him a proper and timely preliminary hearing. Thus, his argument continues, the Board should have dismissed the parole revocation charge and restored the expiration of his parole period to September 27, 2010. We address each of the alleged deficiencies in turn.

First, Johnson contends that he did not receive written notice of the preliminary hearing. Indiana Code section 11-13-3-8(f) provides:

> If the parole board issues a warrant . . . for the arrest and confinement of the parolee pending a preliminary hearing, the parolee shall be given written notice of:

_____

those findings merely set forth Johnson's assertions. We nonetheless address Johnson's claim on appeal because of our general preference for deciding cases on their merits and because Johnson's claim fails even assuming the accuracy of the September 27, 2010 date.

(1) the date, time, and place of the hearing;
(2) the condition alleged to have been violated;
(3) the procedures and rights applicable to the hearing;
(4) his right to a revocation hearing and the procedures and rights applicable to that hearing if probable cause is found to exist; and
(5) the possible sanctions if a violation is found at a revocation hearing.

In rejecting Johnson's claim, the trial court stated: "Indiana Code 11-13-3-8 does not indicate when the notice is required to be given to the defendant. In addition, the statutory section does not indicate that the defendant is entitled to immediate release if he does not receive this notice." Appellant's App. p. 22.

Although the statute does not specify exactly when written notice must be given to the parolee, it is clear that it must be given in advance of the preliminary hearing. The evidence most favorable to the judgment shows that Johnson was given the requisite written notice but refused it. Specifically, senior parole agent Bridgewater testified at the hearing on the motion to correct error that after Johnson's arrest but before the preliminary hearing: "I came up personally and I saw you in jail and I served you with notice at that time, at that time you refused to sign and you walked out of the private visitation and I therefore left afterwards." Tr. p. 53. The record thus shows that Johnson was given the notice required by statute. Because he refused it, he cannot now complain that he did not receive it.

Next, Johnson contends that his preliminary hearing failed to comply with the Indiana Code because it was conducted by Bridgewater and because he did not receive the preliminary hearing minutes. Indiana Code section 11-13-3-9(a) provides:

Upon the arrest and confinement of a parolee for an alleged violation of a condition to remaining on parole, an employee of the department (other than the employee who reported or investigated the alleged violation or who recommended revocation) shall hold a preliminary hearing to determine whether there is probable cause to believe a violation of a condition has occurred.

The statute further provides, "In connection with the hearing, the parolee is entitled to . . . a written statement of the findings of fact and the evidence relied upon." Ind. Code § 11-13-3-9(a)(4).

In rejecting these claims, the trial court concluded that Johnson was not entitled to a preliminary hearing at all pursuant to Indiana Code section 11-13-3-9(d), which provides, "If the alleged violation of parole is the parolee's conviction of a crime while on parole, the preliminary hearing required by this section need not be held." The court stated, "In the parole arrest warrant, the allegations include a new criminal allegation." Appellant's App. p. 22. Because a criminal allegation is not a criminal conviction, the trial court erred on this point.

Bridgewater reported Johnson's alleged parole violations to the Board. Thus, pursuant to Section 11-13-3-9(a), she should not have conducted the preliminary hearing.

As to the written statement required by Section 11-13-3-9(a)(4), the evidence is ambiguous at best. Although Johnson claims he did not receive any parole papers whatsoever, Bridgewater testified at the hearing on the motion to correct error that Johnson should have received the preliminary hearing minutes at the jail after the hearing. Tr. p. 51. Johnson nonetheless points to Bridgewater's testimony that neither she nor the other parole agent who conducted the hearing personally sent the minutes to

7

him. The statute, however, does not require the person conducting the preliminary hearing to personally send the written statement to the parolee. Bridgewater testified that the minutes are given to a secretary, who types them up and sends them. Id. at 62.

Despite the fact that Bridgewater conducted the hearing, and even assuming for the sake of argument that the written statement required by Section 11-13-3-9(a)(4) was not sent to Johnson, Johnson fails to demonstrate any prejudice. In a case involving alleged procedural deficiencies in a parole revocation proceeding, we stated that "where the purpose and intent of a statutory mandate are satisfied, this court will not reverse for mere technical procedural errors unless the defendant can show that he was harmed or prejudiced by such errors." Komyatti v. State, 931 N.E.2d 411, 416 (Ind. Ct. App. 2010) (quotation omitted).

Johnson claims he suffered prejudice because Bridgewater added two more parole violations against him during the preliminary hearing and argued with him about those additional violations. The record, however, does not show that Bridgewater added two violations. Instead, Bridgewater testified that she and Johnson might have discussed the probable cause affidavit for the marijuana charge because it was used as evidence to support two violations. *See* Tr. p. 55.

Johnson also makes a bare assertion of prejudice from not receiving the written statement required by Section 11-13-3-9(a)(4). However, he does not assert that he was unaware of the allegations and evidence against him such that he could not prepare a defense for the revocation hearing. See Komyatti, 931 N.E.2d at 416-17 (no prejudice in

8

failure to timely provide findings from preliminary hearing where petitioner was aware that alleged violation was based on admission to parole agent).

Johnson received a preliminary hearing within ten days after his arrest on the parole violation arrest warrant. He has not shown that any procedural deficiencies regarding his preliminary hearing were such that he was essentially deprived of a hearing at all. Thus, his argument—that the parole revocation charge should have been dismissed, that his parole period expiration should have been restored to September 27, 2010, and that he was entitled to immediate release—fails. We therefore conclude that the trial court did not abuse its discretion by denying his motion to correct error.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.