

FILED

Dec 07 2016, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John L. Tompkins
Brown Tompkins Lory & Mastrian
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Albert Burton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 7, 2016

Court of Appeals Case No.
49A04-1602-CR-242

Interlocutory Appeal from the
Marion Superior Court

The Honorable William J. Nelson,
Judge

Trial Court Cause No.
49G18-1411-F6-51820

**Crone, Judge.**

## Case Summary

[1] Albert Burton pled guilty to operating a motor vehicle while driving privileges are suspended as a level 6 felony under Indiana Code Section 9-30-10-16. The version of the statute in effect when Burton committed the crime provided that

a person convicted of a felony under the statute "forfeits the privilege of operating a motor vehicle for life." Ind. Code § 9-30-10-16(c). Because this provision was repealed before he was sentenced, Burton argued that it did not apply to him. The trial court disagreed but stayed entry of judgment to allow Burton to perfect an interlocutory appeal on the issue. We affirm the trial court and remand with instructions to enter judgment accordingly.

## Facts and Procedural History

[2] On November 15, 2014, a police officer stopped Burton's vehicle for a burned-out headlight. The officer determined that Burton's driving privileges were suspended as a habitual traffic violator. The State charged Burton with violating Indiana Code Section 9-30-10-16. When Burton committed the offense, the statute read in relevant part as follows:

> (a) A person who operates a motor vehicle:
> (1) while the person's driving privileges are validly suspended …
> and the person knows that the person's driving privileges are suspended …
> commits a Level 6 felony.
> ….
> (c) In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life. However, if judgment for conviction of a Class A misdemeanor is entered for an offense under subsection (a), the court may order a period of suspension of the convicted person's driving privileges that is in addition to any suspension of driving privileges already imposed upon the person.

Ind. Code § 9-30-10-16 (2014). Effective July 1, 2015, subsection (c) of the statute was repealed.

[3] Sometime thereafter, Burton signed a plea agreement in which he agreed to plead guilty as charged to a level 6 felony. The plea agreement contains the following language: "Total sentence of 545 days. Credit time. Remainder suspended on supervised probation. Defendant's license suspension open to argument. No AMS [alternative minimum sentencing, i.e., sentencing for a class A misdemeanor instead of a level 6 felony]." Appellant's App. at 23.

[4] On December 14, 2015, the trial court held a guilty plea and sentencing hearing. Burton argued that his driving privileges could not be forfeited for life under Indiana Code Section 9-30-10-16(c) because that subsection of the statute had been repealed, and he further argued that the trial court could suspend his driving privileges for a maximum of two and one-half years pursuant to a statute that was enacted after he committed the offense.[1] The trial court disagreed. *See* Tr. at 4 ("[T]he suspension is open to argument but if it's a felony it's a lifetime suspension [sic].").[2] The trial court accepted Burton's guilty plea and stated that it would enter judgment of conviction as a level 6 felony, impose a sentence of 545 days pursuant to the plea agreement, and

---

[1] *See* Ind. Code § 9-30-16-1(c) ("Except as specifically provided in this chapter, for any criminal conviction in which the operation of a motor vehicle is an element of the offense, or any criminal conviction for an offense under IC 9-30-5, a court may suspend the person's driving privileges for a period up to the maximum allowable period of incarceration under the penalty for the offense.") (eff. July 1, 2015, to June 30, 2016); Ind. Code § 35-50-2-7(b) (setting maximum sentence for level 6 felony at two and one-half years).

[2] "A suspension terminates driving privileges for only a definite period of years while a forfeiture terminates driving privileges for life." *State v. Vankirk*, 955 N.E.2d 765, 768 (Ind. Ct. App. 2011), *trans. denied* (2012).

order "a lifetime driving license suspension [sic.]" *Id*. at 24. At Burton's request, the trial court stayed entry of judgment so that Burton could perfect an interlocutory appeal on the lifetime suspension issue, which he did.

## Discussion and Decision

[5] The gist of Burton's argument is that the lifetime forfeiture provision of Indiana Code Section 9-30-10-16(c) does not apply to him because it was repealed after he committed the offense and before he was sentenced.[3] As a general rule, the law in effect when a crime was committed is controlling. *Collins v. State*, 911 N.E.2d 700, 708 (Ind. Ct. App. 2009), *trans. denied*. There are exceptions to this rule,[4] but Burton does not assert, let alone offer any cogent argument, that any of those exceptions apply here. Therefore, we affirm the trial court's

---

[3] Burton frames the issue as whether the lifetime forfeiture provision involves an administrative forfeiture or a judicial suspension of his driving privileges. He argues for the former and asserts that the Indiana Bureau Motor of Vehicles lost its authority to impose a lifetime forfeiture when that portion of the statute was repealed. Burton cites no authority for this assertion.

[4] For example, "[t]he doctrine of amelioration allows a defendant to be sentenced under the more lenient provisions of a statute which is in effect at the time of sentencing rather than be sentenced under a more harsh statute in effect at the time the offense was committed." *Winbush v. State*, 776 N.E.2d 1219, 1224-25 (Ind. Ct. App. 2002), *trans. denied* (2003). It is arguable whether the doctrine would apply to the lifetime forfeiture provision of Indiana Code Section 9-30-10-16, which is a penalty imposed by operation of law and is distinguished from a "criminal penalty" (such as a sentence) by the language of the statute itself. *Cf. Renfroe v. State*, 743 N.E.2d 299, 301 (Ind. Ct. App. 2001) (stating that amelioration doctrine "[did] not strictly apply" to case involving post-sentence education credit), *opinion on reh'g*. Burton makes no mention of the amelioration doctrine, and we decline to decide the issue sua sponte absent briefing from both parties. At the guilty plea hearing, Burton admitted that he had additional habitual traffic violator cases pending in Johnson and Hamilton Counties, so he may have an opportunity to raise the issue in future proceedings.

determination that the statute's lifetime forfeiture provision applies to Burton and remand with instructions to enter judgment accordingly.[5]

[6] Affirmed and remanded.

Kirsch, J., and May, J., concur.

---

[5] Burton does not assert that any misconception about the applicability of the lifetime forfeiture provision rendered his guilty plea illusory.