## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2020, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Anthony Warren
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Warren, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | July 20, 2020 <br><br> Court of Appeals Case No. 19A-MI-3055 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa Borges, Judge <br><br> Trial Court Cause No. 49G04-9808-CF-128010 |

**Tavitas, Judge.**

# Case Summary

Anthony Warren appeals the trial court's denial of his petition for writ of habeas corpus and his motion to correct error. We affirm.

# Issue

Warren raises two issues, which we consolidate and restate as whether the trial court properly denied Warren's petition for writ of habeas corpus and his motion to correct error.

# Facts

In 1998, Warren was convicted of murder and found to be an habitual offender. The trial court sentenced Warren to sixty-five years for murder, enhanced by an additional thirty years for the habitual offender adjudication. On direct appeal, our Supreme Court affirmed the murder conviction but vacated the habitual offender adjudication. *Warren v. State*, 725 N.E.2d 828 (Ind. 2000). On remand, Warren was again found to be an habitual offender, and the trial court again sentenced him to ninety-five years. Warren appealed his conviction, and our Supreme Court affirmed. *Warren v. State*, 769 N.E.2d 170 (Ind. 2002).

In September 2000, Warren filed a pro se petition for post-conviction relief ("PCR"), which the post-conviction court denied in December 2003. This Court affirmed the post-conviction court's denial of the post-conviction petition. *Warren v. State*, No. 49A04-0405-PC-283 (Ind. Ct. App. Apr. 15, 2005), *reh'g denied*, *trans. denied*.

[5]     In August 2009, Warren filed a petition for writ of habeas corpus, which the trial court dismissed with prejudice. This Court dismissed the appeal of the denial of writ.

[6]     In January 2017, Warren filed a pro se motion for relief from void judgment pursuant to Indiana Trial Rule 60(B), which the trial court denied. Warren also filed a motion to correct error in February 2017, following the trial court's denial of the motion for relief from void judgment. The trial court also denied this motion. Warren contended that his judgment of conviction was "void" because the magistrate judge did not have the authority to render a judgment. On appeal, this Court concluded that the trial court properly denied Warren's motion for relief from judgment and his motion to correct error because Warren was required to raise the issue through a successive petition for PCR. *Warren v. State*, No. 49A02-1703-CR-598, slip op. at 4 (Ind. Ct. App. Oct. 30, 2017), *trans. denied*.

[7]     In March 2018, Warren filed a motion to correct erroneous sentence and a motion to correct error, which the trial court denied. On appeal, this Court affirmed and held that: (1) the trial court did not abuse its discretion by denying the motion to correct erroneous sentence or the motion to correct error; (2) Warren again argued that the magistrate did not have authority to sign the original abstract of judgment; and (3) the appropriate procedural course was for Warren to file a successive petition for PCR. *See Warren v. State*, No. 18A-CR-01070, slip op. at 7 (Ind. Ct. App. Feb. 1, 2019).

[8] In March 2019, Warren requested permission to file a successive petition for PCR, which challenged the validity of his conviction on the ground that the abstract of judgment was not signed by a judicial officer. This Court denied Warren's request for leave to file a successive petition for PCR.

[9] In October 2019, Warren filed a verified petition for writ of habeas corpus in the Sullivan Superior Court. Warren claimed that the abstract of judgment was invalid because it lacked a proper judicial signature. The Sullivan Superior Court ruled the motion was an attack on the validity of the trial court's abstract of judgment and transferred the writ to the court of original jurisdiction, Marion Superior Court ("the trial court"). The trial court then denied Warren's petition for writ of habeas corpus. Warren filed a motion to correct error, which the trial court also denied. Warren now appeals both the denial of his petition for writ of habeas corpus and his motion to correct error.

## Analysis

[10] Warren argues the trial court erred when it denied his petition for writ of habeas corpus and his motion to correct error. We review a ruling on a motion to correct error for an abuse of discretion. *Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1055 (Ind. 2003). Additionally, we must also consider whether the trial court properly denied the petition for habeas corpus. We also review a trial court's ruling on a habeas corpus petition for an abuse of discretion. *Randolph v. Buss,* 956 N.E.2d 38, 40 (Ind. Ct. App. 2011), *trans. denied.* We do not reweigh the evidence, and we consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. *Id.* Any

conclusions regarding the meaning or construction of law are reviewed de novo. *Id.*

[11] To determine whether the motion to correct error was properly denied, we first consider whether it was error for the trial court to deny Warren's petition for habeas corpus. Indiana Code Section 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." Thus, the purpose of a writ of habeas corpus is to determine the lawfulness of a petitioner's detention. *Randolph*, 956 N.E.2d at 40*; see Partlow v. Superintendent, Miami Correctional Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001) ("The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint."), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008). The trial court must provide a writ of habeas corpus if the petitioner is unlawfully incarcerated and entitled to immediate release. *Id.*

[12] Warren argues that he is being "illegally detained by unlawful process" because the "Abstract of Judgment sent to the Department of Correction is lacking a judicial signature . . . ." Appellant's Br. p. 7. Warren's argument regarding the petition for habeas corpus fails for two reasons: (1) his petition for writ of habeas corpus is an unauthorized attempt to litigate a successive petition for PCR; and (2) the successive challenge is barred by res judicata.

[13]    "[A] petitioner must file a petition for PCR in the court of conviction (rather than a petition for a writ of habeas corpus in the court in the county of incarceration) when he attacks the validity of his conviction or sentence and/or does not allege that he is entitled to immediate discharge." *Partlow,* 756 N.E.2d at 980 (citing Ind. Post-Conviction Rule 1). Stated differently, "[a] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009). Here, Warren challenges his conviction in his petition for writ of habeas corpus, which is improper. *See id.* Warren's challenge should have been presented by way of a petition for PCR. *See id.*

[14]    Because Warren previously litigated one petition for PCR unsuccessfully, Warren was required to seek leave of this Court to pursue a successive petition for PCR. *See* Ind. Post-Conviction Rule 1(12). Warren, however, failed to obtain permission to file a successive post-conviction petition. Accordingly, the trial court properly denied the petition for a writ of habeas corpus and the motion to correct error.

[15]    Additionally, Warren's arguments fail because he is barred from successive litigation by the doctrine of res judicata. Res judicata "prevents the repetitious litigation of that which is essentially the same dispute." *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000). Thus, "[a] petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error." Lee v. State, 91 N.E.3d 978, 992 (Ind. Ct. App. 2017) (citation omitted). Warren has repeatedly and

unsuccessfully raised this same issue. His prior attempt to raise this issue in a successive petition for PCR was denied by this Court. Warren cannot escape the application of res judicata by merely renaming his petition.

[16] Through the writ of habeas corpus and motion to correct error, Warren attempted to circumvent the rules governing successive PCR proceedings. This unauthorized attempt to litigate a successive petition for PCR was correctly denied by the trial court.

## Conclusion

[17] The trial court properly denied Warren's petition for writ of habeas corpus and motion to correct error. We affirm.

[18] Affirmed.

Riley, J., and Mathias, J., concur.